IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARVEL RICE** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 01-5602 |
| | : | |
| **DONALD T. VAUGHN, et al.** | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                   October 26, 2006

On November 6, 2001, Petitioner Carvel Rice ("Rice") filed a Petition for Writ of Habeas Corpus, alleging eight different claims. The Government filed its response on May 30, 2002. Magistrate Judge Charles B. Smith issued a Report and Recommendation (the "Report") recommending denial of Rice's petition on June 26, 2002. Rice filed his objections to the Report on July 10, 2002. Now before the Court is Petitioner's July 23, 2004 "Application to Stay/Amend Habeas Corpus Proceeding." For the reasons that follow, his Motion will be denied.

**I.      ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that "[a] 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court." 28 U.S.C. § 2244(d)(1). Petitioner filed his request to amend his § 2254 habeas petition on July 21, 2004, almost three years after his state court judgment had become final following the Pennsylvania Supreme Court's September 24, 2001 denial of allocatur, and almost two years after the expiration of the AEDPA's time limit for filing an application for writ of habeas corpus.

Petitioner seeks to amend his habeas petition by adding new claims for relief. Specifically, Petitioner asserts that: (1) the trial court abused its discretion when it denied his

motion for severance during pre-trial; (2) trial counsel was ineffective for failing to object to the trial court's denial of severance at pre-trial and failing to renew the issue at trial after the trial court admitted Petitioner's co-defendant's allegedly improperly redacted confession into evidence; (3) the trial court abused its discretion when admitting Petitioner's co-defendant's allegedly improperly redacted confession into evidence; and (4) Petitioner's trial counsel was ineffective for failing to object to the allegedly improperly redacted co-defendant's confession. See Motion at 3-4.

The Federal Rules of Civil Procedure apply to motions to amend habeas corpus petitions. See Riley v. Taylor, 62 F.3d 86, 89 (3d Cir. 1995). Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading has been served, "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, an amendment to a habeas petition "may not be used to evade the strictures of AEDPA." Henderson v. Diguglielmo, 138 Fed. Appx. 463, 467 (3d Cir. 2005) (citing United States v. Duffus, 174 F.3d 333, 336-37 (3d Cir. 1999)). Amendments to habeas petitions made after the AEDPA statute of limitations has run relate back to the date of the original pleading and avoid the applicable one year statute of limitations only if the original and amended pleadings arise out of the conduct, transaction, or occurrence set forth in the original pleading. See Mayle v. Felix, 125 S.Ct. 2562, 2569 (2005) (citing Federal Rule of Civil Procedure 15(c)(2)). The Supreme Court has held that an amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle, 125 S.Ct. at 2566.

Petitioner's original habeas petition sought relief based on various claims: (1) trial counsel's failure to question two eyewitnesses regarding an alleged benefit they received from the Commonwealth and to request a jury instruction regarding that alleged benefit; (2) the trial court's failure to suppress the Petitioner's confession; (3) the trial court's failure to grant a mistrial based on prosecutor's reference to Petitioner's failure to call his sister to testify; (4) the evidence was insufficient to support the guilty verdicts, and (5) the convictions were against the weight of the evidence.  It is clear that the facts the Court would examine in order to determine whether there was error involved in the trial court's decision not to sever the trial or the trial court's decision not to suppress co-defendant's allegedly improperly redacted confession into evidence, as well as counsel's alleged failure to object to both, are distinct from the facts the Court examined in order to rule on Petitioner's original claims.  See, e.g., Mayle, 125 S.Ct. at 2573 (finding that petitioner's claims regarding the admission into evidence of videotaped testimony of a witness and petitioner's claims regarding possible coerced self-incrimination at a pretrial interrogation are discrete).  Thus, although the new claims Petitioner raises in his Motion all arise out of his prior state court proceeding, each is based on "separate congeries of facts" and therefore are separate "occurrences" for purposes of a habeas amendment.  Id.  Accordingly, Petitioner's new claims do not relate back to the initial petition and are barred by the AEDPA's statute of limitations.

## II.     CONCLUSION

Petitioner's "Application to Stay/Amend Habeas Corpus Petition" will be denied because it is untimely under the AEDPA's one-year statute of limitations.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARVEL RICE** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 01-5602 |
| | : | |
| **DONALD T. VAUGHN, et al.** | : | |

**ORDER**

   **AND NOW**, this   26th   day of October, 2006, upon consideration of Petitioner's "Application to Stay/Amend Habeas Corpus Petition" (docket no. 18) and "Supplemental Amendment to the July 21, 2004 Motion/Petition Filed By This Petitioner to Stay His 28 U.S.C. § 2254 Habeas Corpus Proceedings" (docket no. 19), it is **ORDERED** that the motion is **DENIED**.

BY THE COURT:


 /s/ Bruce W. Kauffman
**BRUCE W. KAUFFMAN, J.**